# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50610
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVORICK TIVELLVA SHEDWIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-277-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevorick Tivellva Shedwin appeals the 36-month, above-guidelines sentence imposed by the district court following the revocation of the term of supervised release imposed after Shedwin's conviction of possession with intent to distribute cocaine base. He argues that the sentence is unreasonable because, in formulating the sentence, the district court improperly considered his arrest in Odessa, Texas, and improperly considered two reports by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50610

United States Marshals Service (USMS) that were not admitted into evidence. He also argues that the sentence is excessive.

This court ordinarily reviews sentences imposed on revocation of supervised release under a plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). When, as here, a defendant does not preserve his objection for appeal, this court reviews revocation sentences for plain error. *Id.* To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district "may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence." *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008); *see* 18 U.S.C. § 3583(e)(3). In doing so, the district court is directed to consider the relevant factors enumerated in 18 U.S.C. § 3553(a), including the non-binding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

Shedwin does not contest the underlying revocation, only the sentence imposed. The revocation transcript shows that the district court did not rely upon Shedwin's Odessa arrest in formulating the sentence. Accordingly, Shedwin's argument that the district court improperly relied upon this information is without merit.

Shedwin's argument that the district court improperly relied upon two USMS reports in formulating his sentence is likewise unavailing. Shedwin did not object to the district court's consideration of the reports or to the Government's summary of the contents of those reports. He cites no authority

for the proposition that the district court's consideration of the reports was plainly erroneous. Moreover, he has not demonstrated that there is a reasonable probability that he would have received a lesser sentence but for the district court's consideration of those reports. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Finally, Shedwin has not demonstrated that the district court plainly erred by imposing the statutory maximum sentence. *See Puckett*, 556 U.S. at 135. Revocation sentences exceeding the policy statements range but not exceeding the statutory maximum have been upheld as a matter of routine and do not constitute plain error. *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

The record reflects extensive consideration by the district court of Shedwin's personal history and characteristics, the circumstances of his violations of the conditions of supervised release, the need for deterrence, and the policy statements set forth in the Guidelines. *See* § 3583(e); *Miller*, 634 F.3d at 844. "[A]fford[ing] adequate deterrence to criminal conduct" and "protect[ing] the public from further crimes of the defendant" are proper factors for the district court to consider in imposing a revocation sentence. § 3553(a)(2)(B), (a)(2)(C); § 3583(e). As Shedwin has not demonstrated plain error with respect to his sentence, the judgment of the district court is AFFIRMED.